(115 App. Div. 48)

GILFILLAN v. GERMAN HOSPITAL & DISPENSARY IN THE CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.  October 5, 1906.)

1. NEGLIGENCE—DANGEROUS PREMISES—CARE REQUIRED.

Intestate had been employed as a plumber for several months at defendant's hospital, which was provided with a safe entrance and exit.  On one side of the premises the hospital grounds were lower than the street, and were bordered by a retaining wall surmounted by a picket fence.  In the fence, defendant constructed a gateway leading to an ash lift operated in a brick well, the top of which was covered by a roof which raised with the raising of the lift.  By the side of the wall was a rude ladder, and when intestate quit work on a dark afternoon he attempted to leave the premises by means of the ladder and wall.  He climbed to the top of the wall, and as he stepped out on what he supposed was the roof of the well he fell into the same, sustaining injuries from which he died.  *Held* that, intestate never having been authorized to use this means of exit from the hospital grounds, defendant owed him no duty to keep the same safe for that purpose.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 60, 61.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

Intestate, being a mechanic familiar with the place and knowing the purpose of the gateway and the manner of the operation of the lift, was not free from contributory negligence in stepping out over the elevator well, without endeavoring to ascertain whether the roof was in place or not.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 90–93.]

Hooker, J., dissenting.

Appeal from Trial Term, Richmond County.

Action by William Gilfillan, as administrator of James Gilfillan, deceased, against the German Hospital & Dispensary in the City of New York.  From a judgment dismissing plaintiff's complaint, he appeals.  Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, and GAYNOR, JJ.

Arthur Ofner (James A. Gosnell, on the brief), for appellant.
John Vernou Bouvier, Jr., for respondent.

WOODWARD, J.  The cause of action asserted by the plaintiff is entirely fanciful.  Plaintiff's intestate was a plumber, and had been employed by the defendant for several months in doing work upon the latter's premises, situated upon Park avenue, between Seventy-Sixth and Seventy-Seventh streets, in the borough of Manhattan.  On the

9th day of December, 1903, at about 5 o'clock in the afternoon of a dark, drizzly day, plaintiff's intestate, in company with his helper, quit work and started to leave the premises. The principal entrance to the defendant's hospital is on the Seventy-Seventh street side; this entrance, so far as appears, always being open and known to the deceased. On the Park avenue side of the premises the street is some five or six feet higher than the hospital grounds, and a picket fence surmounts a retaining wall built along the defendant's premises. At a certain point in this picket fence the defendant had constructed a gateway leading to an apparatus designed for lifting ashes from the areaway to the street. This apparatus consisted of an elevator or lift operated in a brick well so constructed that when the elevator was at the bottom of the well the top of the same was covered by a roof, which raised with the raising of the lift, so that it would be some six feet or more above the top of the well when the lift was on a level with the street; the top of the well being at the street level, or near it. By the side of this brick well there was a rude ladder which had stood there for some considerable time, though for what purpose, if there was any definite purpose, does not appear. The plaintiff, with his helper, mounted this ladder, climbed to the top, stepped out as he supposed to the top of this brick well, and fell into the same, sustaining injuries resulting in his death. The plaintiff's theory is that the defendant was negligent in not giving the intestate notice of the fact that the lift was being used for the purpose for which it was designed. There is no suggestion that the lift was not properly constructed. The undisputed evidence is to the effect that the wellhole had been open only about 20 minutes, while the defendant's employés were removing ashes from the lower level to the street, in a manner entirely justified by the ordinary conduct of the work. No one in authority had ever authorized or directed the plaintiff's intestate to make use of this gateway; the defendant maintained a proper means of egress from its premises, and to hold that under such circumstances the defendant owed the deceased any active duty would be to make it an insurer against the carelessness of those whom it employed upon its premises.

Plaintiff cites the line of cases which hold persons liable where they have held out implied invitations to others to come upon the premises, and where injuries result from negligence in the care of such premises; but to construe a rude ladder resting against a wall in proximity to the elevator well in this areaway into an invitation to the plaintiff's intestate to make use of this obviously dangerous way out of the premises, is carrying the doctrine beyond any of the adjudicated cases, and beyond the demands of justice. Not only did the defendant not owe the deceased any active duty under the facts disclosed, but the evidence fails to show a lack of contributory negligence on the part of the deceased. He was a mechanic. He was familiar with the place, knew the purpose of the gateway and the manner of operating the elevator, and yet the evidence shows that upon a dark night he climbed up this ladder and stepped out over this elevator well, without taking any measures to determine whether the cap was in place or not; and the only excuse attempted to be offered for this

conduct on his part is that during the time that he had been at work there he had not known of the elevator being used at 5 o'clock, his quitting time. There is nothing to show that there was any regular time for using the elevator. Its purpose was to permit of the removing of ashes. It was obviously proper to make use of this appliance whenever it became necessary to remove ashes; and if the deceased saw fit to make use of a ladder to climb up to the street level, a method not usual in such places, he did so at his own risk, and he was bound to show some degree of care before he could recover, even if the defendant had owed him the duty of using reasonable care.

The judgment appealed from should be affirmed, with costs. All concur, except Hooker, J, who dissents.